UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 1:10-CR-181-2 |
| | : |
| RAYMOND JONES, | : |
| Defendant | : |

*M E M O R A N D U M*

*I.      Introduction*

Presently before the court are Defendant Raymond Jones' petition for a writ of mandamus, (Doc. 185), and "Expedited Motion for Order to Show Cause," (Doc. 187).[1] For the following reasons, the court will deny Defendant's petition and motion.

*II.     Background*

On April 20, 2011, a jury convicted Defendant of drug-related crimes, (Doc. 107), and, on September 20, 2011, he was sentenced to 262 months' imprisonment, (Doc. 129 at 3). On September 29, 2011, Defendant filed a notice of appeal. (Doc. 131). On November 1, 2012, the Third Circuit affirmed his convictions and sentence. (Doc. 147).

Defendant then filed a motion to vacate sentence under 28 U.S.C. § 2255, (Doc. 152), which this court dismissed as untimely on October 22, 2014, (see Doc. 159). The Third Circuit agreed that Defendant's 2255 motion was untimely and affirmed its dismissal. (Doc. 173).

---

[1] Defendant also filed a motion for leave to proceed in forma pauperis ("IFP"). (Doc. 186). Because the court finds that Defendant has failed to show that a writ of mandamus should issue, the motion to proceed IFP will be dismissed as moot.

Defendant then attempted to challenge the dismissal of his 2255 motion by filing a motion under Federal Rule of Civil Procedure 60(b)(6), (Doc. 174), and subsequently a motion under Rule 59(e), (Doc. 176), both of which this court denied, (see Docs. 175, 177). Defendant appealed, and once again, on October 24, 2016, the Third Circuit affirmed this court's denial of Defendant's motions. (Doc. 184).

Defendant has now filed a petition for a writ of mandamus. (Doc. 185). He also has filed an "Expedited Motion for Order to Show Cause," (Doc. 187), which is related to the underlying mandamus petition and demands a response from the government.

Defendant's mandamus petition asserts that a government witness—Drug Enforcement Administration agent Keith Kierzkowski ("Agent Kierzkowski")—testified inconsistently during pretrial proceedings and at trial regarding the weight of drugs at issue in Defendant's case. (Doc. 185 at 1-3). Defendant claims that during the grand jury and suppression proceedings, Agent Kierzkowski testified that a co-defendant was found with "14 grams of crack cocaine." (Id. at 2; Doc. 185-1 at 3). Defendant asserts that Agent Kierzkowski then purposefully changed his story by testifying at trial that the cocaine weighed 19 grams, "intentionally l[ying] to the trial jurors so that his testimony would be consistent with the laboratory report" showing that the drugs found weighed 19.1 grams. (Doc. 185 at 3).

Defendant further maintains that Assistant United States Attorney William Behe ("AUSA Behe") knew that Agent Kierzkowski's trial testimony was false, but failed to correct it, in violation of the well-established prosecutorial duty to correct false testimony. (Id. at 3-4). As relief, Defendant requests that AUSA Behe be compelled "to correct the

false testimony of the government witness" and that Defendant be awarded "the cost of this suit." (Id. at 6).

*III.      Discussion*

This court has jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  The writ of mandamus "is a drastic remedy that 'is seldom issued and its use is discouraged.'" United States v. Higdon, 638 F.3d 233, 245 (3d Cir. 2011) (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988)). Before the court issues this extraordinary writ, three conditions must be satisfied: (1) the petitioner "[must] have no other adequate means to attain the relief he desires"; (2) the petitioner must meet his "burden of showing that [his] right to the issuance of the writ is clear and indisputable"; and (3) if the petitioner meets the first two requirements, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380-81 (2004) (alterations in original) (citations and internal quotation marks omitted).

Here, assuming, without deciding, that Defendant has satisfied the first prerequisite for mandamus relief due to his numerous prior filings, it is clear that he has not carried his burden on the second condition.  That is, Defendant has failed to show that his right to the issuance of a writ of mandamus is clear and indisputable.

While Agent Kierzkowski's testimony regarding the drug weight at the grand jury proceedings and suppression hearing may have differed slightly from his testimony at trial, Defendant has not shown why this discrepancy necessitates the extraordinary relief of the issuance of a writ of mandamus.  A jury found Defendant guilty of various drug

crimes with a corresponding drug-weight range of 5 grams or more but less than 28 grams. (Doc. 107). According to portions of the transcripts Defendant attached to his petition, Agent Kierzkowski testified in the pretrial proceedings to a weight of 14 grams of cocaine base, and then at trial to a weight of 19 grams of cocaine base. Both of these weights fall squarely into the middle of the drug-quantity range for which Defendant was convicted at trial.

Moreover, Defendant has not shown that Agent Kierzkowski's testimony at trial was intentionally false, or that AUSA Behe knowingly permitted false testimony. While there is little doubt that Agent Kierzkowski testified to different drug weights before trial and at trial, as reflected in the transcripts of the respective proceedings, inconsistent testimony does not necessarily mean intentionally false testimony. See United States v. Tavares, 93 F.3d 10, 14 (1st Cir. 1996) ("Inconsistent testimony by itself does not amount to perjury[.]"); United States v. Gary, 73 F.3d 304, 314 (1st Cir. 1996) ("[I]t is axiomatic that inconsistent testimony is not *per se* perjurious.") (citation omitted); United States v. Miller, 59 F.3d 417, 423 (3d Cir. 1995) (explaining that existence of prior inconsistent statement does not necessarily mean trial testimony was untruthful, and that such an issue is properly addressed on cross-examination). Furthermore, because Defendant has not shown that Agent Kierzkowski's trial testimony was intentionally false, it follows that Defendant has failed to show that AUSA Behe knowingly permitted false testimony at trial.

Accordingly, Defendant has not carried his burden to show that he has a clear and indisputable right to a writ of mandamus compelling AUSA Behe "to correct false testimony of the government witness." Therefore, his petition and related motion for an order to show cause will be denied.

*IV.*     *Conclusion*

For the foregoing reasons, the court will deny Defendant's petition for a writ of mandamus (Doc. 185), and will also deny the related motion (Doc. 187) for an order to show cause. The court will dismiss as moot Defendant's motion for leave to proceed IFP (Doc. 186). An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge