UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND JONES,
:     Petitioner
:
:
v.                                          :  CASE NO. 1:17-CV-493
:
WILLIAM A. BEHE, Assistant U.S.             :
Attorney,                                   :
:     Respondent
:

*M E M O R A N D U M*

*I.     Introduction*

Presently before the court is Petitioner Raymond Jones' motion (Doc. 11) for reconsideration of this court's prior memorandum opinion (Doc. 6) and order (Doc. 7) denying, among other things, his petition for writ of mandamus. For the following reasons, the court will deny Petitioner's motion for reconsideration.

*II.    Background*

On November 28, 2016,[1] Petitioner, an inmate at FCI Loretto, filed a petition for a writ of mandamus under 28 U.S.C. § 1361 directed at the Assistant United States Attorney ("AUSA") who prosecuted Petitioner's criminal case. (Doc. 1). He also filed a motion for leave to proceed in forma pauperis ("IFP"), (Doc. 2), as well as a motion for an order to show cause, (Doc. 3). Instead of treating the petition for writ of mandamus as a

---

[1] Although the petition was not received by the court until December 2, 2016, because it was dated and certified as mailed on November 28, 2016, the court will consider November 28, 2016, as the filing date pursuant to the prisoner mailbox rule. See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." (citation omitted)). This reasoning applies to the filing dates of all other documents filed by Petitioner in this case.

new civil filing, the Clerk of Court docketed the petition on Petitioner's existing criminal docket.[2]  See United States v. Jones, No. 1:10-cr-00181-2 (M.D. Pa. 2010), ECF No. 185. The court reviewed the petition and related filings, and on February 15, 2017, denied the mandamus petition in a memorandum opinion and order, which were also docketed on Petitioner's criminal docket.  Id. at ECF Nos. 189, 190.  The court also dismissed the motion for IFP as moot, and denied the related motion for an order to show cause.  Id.

On March 2, 2017, Petitioner moved under Federal Rule of Civil Procedure 60(a) to correct the case title to reflect the appropriate parties in the civil mandamus proceeding, rather than the criminal case.  Id. at ECF No. 191.  On March 20, 2017, the court granted Petitioner's Rule 60(a) motion, and directed the Clerk of Court to docket Petitioner's mandamus petition as a new civil case, and to include all related mandamus documents currently on Petitioner's criminal docket—including the opinion and order denying the petition—as part of that new civil case.  Id. at ECF No. 192.  The court further directed the Clerk of Court to close the newly opened civil case because the mandamus petition was denied, and informed Petitioner that if he "desire[d] to appeal the denial of his petition for writ of mandamus, the time in which [he] must appeal shall begin to run from the date of this order."  Id.  That same day, in accord with the court's order, the Clerk of Court opened a new civil case, docketed all related mandamus documents appearing on Petitioner's criminal docket as part of the civil case, and closed the case.  See Jones v. Behe, No. 1:17-cv-00493 (M.D. Pa. 2017), ECF Nos. 1-7.

On March 28, 2017, Petitioner again moved under Federal Rule of Civil Procedure 60(a) to correct a clerical error.  (Doc. 8).  In his second Rule 60(a) motion,

---

[2] This action by the Clerk of Court was understandable, as Petitioner confusingly included his criminal case number on the caption of his mandamus filing.

2

Petitioner apparently sought to have the court correct the captions on the court's denial-of-mandamus memorandum opinion and order to reflect that he was the "Petitioner" and the AUSA was the "Respondent." (Doc. 8 at 2). It appears as though Petitioner believed that having a correctly captioned physical copy of the denial of his mandamus petition was a prerequisite for appealing the denial to the Third Circuit. (Id.)

On April 3, 2017, the court, having already opened a new civil case, docketed the denial-of-mandamus opinion and order as part of that civil case, and informed Petitioner that he could appeal this court's denial of his mandamus petition if he so desired, denied Petitioner's second Rule 60(a) motion. (See Doc. 9). In that order, the court specifically informed Petitioner that if he "desire[d] to appeal the denial of his petition for writ of mandamus, (see Docs. 6, 7), in [this civil] case, he must comply with the Federal Rules of Appellate Procedure. See FED. R. APP. P. 3, 4." (Doc. 9)

On April 7, 2017, Petitioner filed an "Affidavit," declaring that he was still waiting to receive amended copies of the denial-of-mandamus opinion and order with corrected captions. (Doc. 10). Such documents, however, were never issued, nor would they be issued, as the court had denied Petitioner's second Rule 60(a) motion seeking this specific relief.

On May 2, 2017, Petitioner filed the instant motion for reconsideration under Federal Rule of Civil Procedure 59(e). (Doc. 11). Petitioner argues that the court erred by dismissing as moot his motion for IFP, and by ruling on his mandamus petition without first requiring a response from the respondent. Because Petitioner's motion for reconsideration under Rule 59(e) is untimely, and because the court finds no merit to the substance of the motion, it will be denied.

3

*III.	Discussion*

When seeking reconsideration of a final order, *i.e.*, to alter or amend judgment, under Federal Rule of Civil Procedure 59(e), the movant must show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or "the need to correct a clear error of law or fact or to prevent manifest injustice." See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). In order to be timely, however, "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e). This 28-day deadline cannot be extended by the court. See FED. R. CIV. P. 6(b)(2).

As stated above, on March 20, 2017, the court granted Petitioner's first Rule 60(a) motion to correct clerical error and opened a new civil case for his mandamus petition, incorporating all of the mandamus-related documents from his criminal docket into the new civil docket. That same day, in the same order, the court explained that "if [Petitioner] desires to appeal the denial of his petition for writ of mandamus, the time in which [he] must appeal shall begin to run from the date of this order." (Doc. 5). In other words, March 20, 2017, became the date of entry of judgment in his civil mandamus case, rather than February 15, 2017—the date the denial of his mandamus petition was first entered on his criminal docket.

Petitioner thus had twenty-eight days in which to move for reconsideration from this court's March 20, 2017 entry of judgment. Consequently, he must have filed his Rule 59(e) motion by April 17, 2017. As Petitioner filed his Rule 59(e) motion on May 2,

4

2017, he missed the deadline by more than two weeks. The motion for reconsideration, therefore, must be denied as untimely.[3]

Even if the court were to consider the merits of Petitioner's motion for reconsideration, he would fare no better. Petitioner has not met the standard set forth above for seeking reconsideration under Rule 59(e). Were the court to agree with Petitioner and grant his motion for IFP, rather than dismiss the IFP motion as moot,[4] this would not change the court's substantive analysis of Petitioner's mandamus petition. Rather, after granting IFP, the petition would have been dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous for the same reasons provided in the court's opinion denying mandamus relief. Therefore, there is no "need to correct a clear error of law or fact" or a situation that presents "manifest injustice." Max's Seafood Café, 176 F.3d at 677.

Petitioner is also mistaken in his assertion that the court is required to order the AUSA to respond to the allegations in the mandamus petition prior to reviewing the petition for legal sufficiency or merit. Under 28 U.S.C. § 1915A, regardless of whether a prisoner is proceeding IFP or paying the full filing fee up front, this court has a statutorily imposed duty to screen civil actions filed by prisoners that seek redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This duty applies to a prisoner-

---

[3] The court is aware of no authority that requires or permits the 28-day deadline for filing a Rule 59(e) motion to be tolled if an unsuccessful Rule 60(a) motion is filed after the entry of judgment. Even if there were such authority, Petitioner's Rule 59(e) motion would still be untimely.

[4] The court notes that the motion for IFP was previously dismissed as moot when the mandamus action was inadvertently being treated as part of Petitioner's criminal case, much like a motion under 28 U.S.C. § 2255, thereby not requiring a filing fee because the filing was considered part of the existing criminal case. While this treatment should have been corrected when the civil case was opened, and the motion for IFP therefore granted, the only consequence for Petitioner is that he has not been charged a civil filing fee that would have been deducted monthly out of his prisoner account. See 28 U.S.C. § 1915(b).

5

filed petition for writ of mandamus. See Banks v. U.S. Attorney, No. 1:08-CV-1394, 2008 WL 3853307, at *1 (M.D. Pa. Aug. 15, 2008) (screening prisoner-filed mandamus petition under 28 U.S.C. § 1915A, and dismissing petition as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1)), aff'd, 318 F. App'x 56 (3d Cir. 2009) (per curiam) (nonprecedential); Myrieckes v. Zickefoose, No. 10-5118 (RMB), 2011 WL 2881228, at *1 (D.N.J. July 14, 2011) (screening prisoner-filed mandamus petition under 28 U.S.C. § 1915A, and finding petition subject to dismissal for multiple reasons). Thus, when this court initially screened Petitioner's mandamus petition and denied it, it did so as required by 28 U.S.C. § 1915A, and did not err by denying the petition before seeking a response from the respondent.

*IV.     Conclusion*

For the foregoing reasons, the court will deny Petitioner's motion for reconsideration (Doc. 11). The motion is both time-barred and substantively meritless. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge